UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLJ, et al.,

    Plaintiffs,

v.

Oxford Community School District, et al.,

    Defendants.

Case No. 2:22-cv-11360-MAG-APP

Hon. Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED CLASS ACTION COMPLAINT

### L.R. 7.1(a)(2) Certification

Pursuant to L.R. 7.1(a), undersigned counsel for Plaintiffs certify that, on November 16, 2022, they personally met and conferred via Zoom videoconference with counsel for Defendants, explained the nature of this motion, its legal basis, and the relief sought herein. On November 21, 2022, Plaintiffs' counsel emailed a courtesy copy of this Motion and the proposed Amended Class Action Complaint to Defendants' counsel for review. More than three business days have lapsed since the conference without opposing counsel expressly agreeing to the relief, orally or in writing.

_____

1

GLJ, et al. ("Plaintiffs"), hereby move for an order permitting them to file the accompanying proposed Amended Class Action Complaint (**Exhibit 1**). In support of their Motion, Plaintiffs rely on the accompanying Memorandum of Law.

Dated: November 28, 2022

        Respectfully submitted,

        By: */s/ Scott Weidenfeller*
        Scott Weidenfeller (P56001)
        Manvir S. Grewal, Sr. (P48082)
        Carette-Lynn Reynolds (P85970)
        GREWAL LAW, PLLC
        345 E. Cady St.
        3rd Floor
        Northville, MI 48167
        (517) 393-3000
        sweidenfeller@4grewal.com
        mgrewal@4grewal.com
        creynolds@4grewal.com

        Amy Marino (P76998)
        MARINO LAW, PLLC
        18977 W. 10 Mile Rd., Ste. 100E
        Southfield, MI 48075
        (248) 797-9944
        amy@marinopllc.com

        *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLJ, et al.,

      Plaintiffs,

v.

Oxford Community School District, et al.,

      Defendants.

Case No. 2:22-cv-11360-MAG-APP

Hon. Mark A. Goldsmith
United States District Judge

---

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO FILE AN
AMENDED CLASS ACTION COMPLAINT**

## I.    INTRODUCTION

All Plaintiffs were students at Oxford High School, within the Oxford Community School District ("Oxford CSD"), who were present at the school on November 30, 2021. In light of the school shooting that took place at Oxford High School on November 30, 2021, Plaintiffs commenced litigation against Defendants on June 17, 2022, and filed their First Amended Complaint [Dkt. 3] on June 27, 2022. The First Amended Complaint alleges five (5) counts, all of which claim civil rights violations on the part of one or more Defendants and seek prospective equitable and injunctive relief.

In filing their Complaint, Plaintiffs intended to drive changes in the practices,

3

policies, and procedures of Defendant Oxford CSD, not only for the listed Plaintiffs but in the interest of the larger student body. With the benefit of time and some completed discovery in related cases, Plaintiffs now seek leave to file an Amended Class Action Complaint ("CAC") to bring their claims on behalf of a putative Class defined as follows: *All students of the Oxford Community School District.*

## II. PLAINTIFFS' PROPOSED CHANGES

Plaintiffs' operative Complaint remains substantively correct, but Plaintiffs wish to bring their existing claims on a class-wide basis, which will maximize efficiency in discovery and judicial economy. Plaintiffs will seek certification under Fed. R. Civ. P. 23(b)(1) and (b)(2) of a class defined as follows: *All students of the Oxford Community School District.* The proposed CAC is brought on behalf of the proposed Class representatives: three of the original Plaintiffs (Mason Bourgeau, G.J., and A.F.), who are students at Oxford CSD High School, and one new Plaintiff (E.J.), who is a student at the Oxford CSD Middle School. The proposed CAC will also attach some of the reference materials cited therein as exhibits. The reasons for the proposed changes are outlined below.

## III. ARGUMENT

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962). In *Foman*, the Supreme Court wrote that leave should be granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or

4

futility. None of these excluding factors are present here.

First, the requested amendment is not the result of delay or any act of bad faith. Rather, it is the result of Plaintiffs' ongoing analysis, efforts to drive change, and desire to secure relief on behalf of as many Oxford CSD students as possible.

Second, nothing about the amendment will unduly prejudice Defendants. Plaintiffs filed the action five months ago and are requesting the amendment promptly upon determining that the class action device would be a superior method of prosecution. Currently, all interested parties are in the beginning stages of this case, and there has been only limited discovery surrounding the facts of the Oxford school shooting. Plaintiffs' proposed amendment is not being requested to achieve an unfair tactical advantage or otherwise in bad faith, and Plaintiffs are not seeking to add new theories of liability. All previous counts of liability remain substantively unchanged in the Complaint.

Neither is there any reason to believe that the requested amendment would be futile. Because it retains the same theories of liability originally advanced by Plaintiffs, with some additional factual allegations in support, the merits of the case are only strengthened by the requested amendment. Further, Plaintiffs have every reason to believe that certification of the proposed Class is appropriate: the putative Class members are a well-defined community of similarly situated students, all subject to the same policies, procedures, and practices of the Oxford CSD, with no

apparent individual differences; the indivisible equitable relief they are seeking is the quintessential hallmark of Fed. R. Civ. P. 23(b)(1) and (b)(2) classes; and the proposed Class representatives are typical members of the Class with no indications that they or their counsel are inadequate for the task. The *Foman* factors are satisfied here.

The chief difference between Plaintiffs' Complaint and the proposed CAC is the addition of class allegations brought on behalf of a putative Class defined as follows: *All students of the Oxford Community School District.* In that respect, the application of the relief sought would be broadened to include safety improvements that reach district-wide rather than focusing only on Oxford High School. This is accomplished in the proposed CAC by adding a Class representative enrolled in the Oxford CSD Middle School[1] and accurately alleging that the Defendants' violations of students' Constitutional rights affected all students in the Oxford CSD. This broadening of the scope of the case reflects the reality that all students in Oxford CSD had their educations interrupted by the November 30, 2021 shooting, and that changes across the school district are needed to protect all Oxford CSD students' well-established property right to a public education from further violations by Defendants. All Oxford CSD students at all grade levels can benefit from safety improvements to the physical plant of the school district as well as prospective

---

[1] If the Court finds it necessary, additional class representatives from other school buildings within the Oxford CSD can be identified and/or subclasses can be created.

changes to the deficient and violative policies, practices, and customs of the Oxford CSD that contributed to and caused the shooting. Further demonstrating the benefits of proceeding as a Class, this maximization of the scope of relief is achieved while reducing the cost and time burden of discovery by dramatically reducing the number of parties at bar.

Since the beginning of this litigation, additional Oxford families have contacted the office of Grewal Law PLLC, all of whom sought information on how best to join litigation efforts. Adding individual plaintiffs to this case, all of whom solely desire the same kind of prospective equitable and injunctive relief that existing Plaintiffs are already seeking, would be an ineffective use of Court and attorney resources, unreasonably burdening the Court and parties with unnecessary filings and multiplying the expense and burden of discovery. Instead, Plaintiffs believe a class action lawsuit to be the superior method to adjudicate all claims for prospective equitable and injunctive relief. Not only does proceeding as a class reduce the number of individual Plaintiffs at bar and subject to discovery from eighteen to four, but proceeding as a class most accurately and logically reflects what the original lawsuit is trying to accomplish: a relatively small number of persons stepping forward to bear the burden of litigation in the most expedient way possible in order to achieve improved school safety measures that will benefit every student in the Oxford CSD.

As explained in further detail in the proposed CAC, this case involves common interests and common issues of fact and law across the entire student body of the Oxford CSD. The Class would include thousands of individuals—sufficiently numerous that joining all students in the litigation would be impracticable. Finally, a class action would be the most effective means by which the largest number of individuals may take part in litigation as members of the putative Class.

The Court has already ordered facilitation, and Plaintiffs will continue to cooperate with all the Court's orders. While Plaintiffs hope facilitation will justly serve those students and families who suffered injury and/or death during the school shooting, the existing Complaint and the proposed CAC do not seek monetary damages. The intent of the proposed class action is that it would enable the parties to focus on prospective equitable and injunctive relief for the protection of *all* students currently enrolled in the Oxford CSD. Further, should facilitation prove unsuccessful and litigation commence in all cases, adding individual plaintiffs would only increase the amount of discovery for all parties. Alternatively, in a class action lawsuit, Defendants would only need to engage in the discovery of the Class Representatives.

Denying the amendment will serve no useful purpose and will only result in more filings. Permitting Plaintiffs to file the proposed CAC would better serve all parties and this Honorable Court, maximize the number of students benefitting from

relief, and promote judicial economy. Plaintiffs ask the Court to grant this Motion, permit them to file the attached proposed CAC, with exhibits, and allow for the case caption to be amended to reflect this change.

## IV. CONCLUSION

The proposed amendment of Plaintiffs' Complaint will streamline the litigation by narrowing the number of parties engaging in discovery and motion practice, eliminating the need for other members of the Oxford community not already at bar to file additional lawsuits, and maximizing judicial economy and party resources for both sides. Furthermore, the amendment will promote a more efficient and final resolution of the issues by including all potential future individual Plaintiffs as putative Class members seeking indivisible equitable relief. Accordingly, Plaintiffs respectfully ask the Court to enter an Order permitting them to file the accompanying proposed Amended Class Action Complaint.

Respectfully submitted,

Dated: November 28, 2022

By: */s/ Scott Weidenfeller*
Scott Weidenfeller (P56001)
Manvir S. Grewal, Sr. (P48082)
Carette-Lynn Reynolds (P85970)
GREWAL LAW, PLLC
345 E. Cady St.
3rd Floor
Northville, MI 48167
(517) 393-3000
sweidenfeller@4grewal.com

mgrewal@4grewal.com
creynolds@4grewal.com

Amy Marino (P76998)
MARINO LAW, PLLC
18977 W. 10 Mile Rd., Ste. 100E
Southfield, MI 48075
(248) 797-9944
amy@marinopllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 28, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Amy Marino*
Amy Marino
Counsel for Plaintiffs

10